**In re Helen Marie BRAZIL, Debtor.**

**Bankruptcy No. 582–330.**

United States Bankruptcy Court,
N. D. Ohio.

June 30, 1982.

---

Robert B. Romweber, Akron, Ohio, for debtor.

Jerome Holub, Akron, Ohio, Chapter 13 trustee.

### FINDING AND ORDER GRANTING APPLICATION

H. F. WHITT, Bankruptcy Judge.

This cause came on for hearing on the 17th day of June, 1982 upon the filing of an application by the debtor for an order requiring the East Ohio Gas Company to accept her application for service at 1544 Kingsley Street, Akron, Ohio. Debtor was in attendance at said hearing. No appearance was made by East Ohio Gas Company.

The Court finds that on April 29, 1982, debtor filed an Amended Schedule 11–b, listing thereon East Ohio Gas Company as an unsecured creditor, holding a claim in the amount of Eight Hundred Forty Nine Dollars and Forty-One Cents ($849.41). Said claim is for gas used at 1544 Kingsley Street, Akron, Ohio. No proof of claim has been filed to date by East Ohio Gas Company. The debtor's Chapter 13 plan, confirmed by this Court in an order dated June 8, 1982, proposes to pay 60% of this claim.

East Ohio Gas Company is a public utility licensed by the State of Ohio and is the only source of natural gas for home heating purposes within the City of Akron, Ohio where the debtor resides.

The Court finds that the account for gas service at 1544 Kingsley Street is in the name of Thurman Brazil, debtor's husband. The debtor's husband is a laborer who is presently unemployed and is not a debtor in this action. The debtor is a clerk with a gross income of approximately Fifteen Thousand Dollars ($15,000.00) a year and who has been steadily employed with the same employer for eight years. There are also 2 children in the family.

The Court further finds that representatives of East Ohio Gas Company have made statements to the debtor to the effect that they would accept her application for gas service at the Kingsley Street address if debtor's husband Thurman Brazil, would move out of the premises. Otherwise, the gas company will reject the application. Apparently, East Ohio Gas Company bases the refusal of said application on Ohio Revised Code 4933.12(B) which states:

"The company shall not refuse to furnish gas on account of arrearages due it for gas furnished to persons formerly receiving services at the premises as customers of the company, provided the former customers are not continuing to reside at such premises."

If, however, she is willing to require her husband to change residence which they have owned since July, 1971, she would be able to obtain gas service.

The Equal Credit Opportunity Act, 15 U.S.C. Section 1691, et seq., provides that it shall be unlawful for a creditor to discriminate against an applicant for credit on the basis of sex, religion, marital status, race, color or national origin. 15 U.S.C. Section 1691(a)(1). Under the statutory definition of creditor as one who regularly extends, renews or continues credit, 15 U.S.C. Section 1691a(e), East Ohio Gas Company is a creditor as it regularly provides gas to its customers, prior to being paid therefore.

East Ohio Gas Company's failure to provide gas service to the debtor unless her husband moves out of the premises has the effect of discriminating against her on the basis of her marital status. So long as debtor continues to live with her husband as is generally done by most married couples, she will be denied gas service. To base an acceptance or rejection of an application for credit on whether a person is or is not living with her spouse and to require a marital separation in order to obtain credit is to discriminate on the basis of that person's marital status.

Moreover, East Ohio Gas Company's position with respect to debtor's application is against public policy and against good social and religious morals. To require debtor to separate from her husband in order to receive gas service should not and cannot be countenanced by this Court.

This Court realizes that due to inflation costs of utility service have increased dramatically in the last three years and has put a great economic burden on the customer and the utility company, and that to aid in the collection and to keep the debt loss of said utility companies within reason, and to further reduce rates, the Ohio Legislature enacted Ohio Revised Code 4933.12(B). However, the Court does not believe it was the intent of the Ohio Legislature to encourage the breakup of the family by the enactment of said statute. The absence of the husband from the family domicile could create additional family expenses for the spouse who is employed and the family would not receive the assistance the husband could render in the daily maintenance of the home. The children in this family would also be denied the parental supervision necessary for a healthy family home life which sociologists claim is essential for the purpose of rearing children.

This Court finds that the Ohio Legislature has provided other remedies to protect the said utility companies by requiring a deposit, and further the utility companies have widely publicized the availability of budget plans for the payment of gas bills.

As East Ohio Gas Company failed to attend the hearing had on this motion, the Court is unaware as to whether or not said creditor has other, more sound, reasons for its refusal to accept debtor's application for gas service.

THEREFORE, the Court finds and orders that the motion to require East Ohio Gas Company to accept the debtor's application for gas service is granted, that debtor shall make arrangements to deposit with said gas company a sum amounting to one and one-third of her average gas bill between the period of June 1, 1981 up to and including May 31, 1982, said deposit to be made in three equal installments starting August 1, 1982 and that debtor immediately make application to be placed on a budget plan of 12 equal installments, effective August 1, 1982.